UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN AMORATI and KAREN AMORATI ) | |
| Plaintiff, ) | 3:11-cv-0331-LRH-VPC |
| v. ) | |
| ) | ORDER |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC.; et al., ) | |
| Defendants. ) | |

Before the court is plaintiffs John and Karen Amorati's ("the Amoratis") motion to remand filed on June 28, 2011. Doc. #12.[1]

**I.    Facts and Procedural History**

The Amoratis purchased real property through a mortgage note and deed of trust executed by defendant First Ohio Banc & Lending, Inc. Eventually, the Amoratis defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, the Amoratis filed a complaint against defendants in state court. Defendants removed the action to federal court based upon diversity jurisdiction. Doc. #1. Thereafter, the Amoratis filed the present motion to remand. Doc. #12.

///

---

[1] Refers to the court's docket entry number.

## II. Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III. Discussion

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).

Here, defendants argue that there is complete diversity between the parties because non-diverse defendant Kirk K. Smith ("Smith") is a fraudulently joined defendant whose citizenship cannot defeat the exercise of diversity jurisdiction. A fraudulently joined defendant does not "defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Fraudulent joinder "occurs when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey*, 139 F.3d at 1318; *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Kruso v.*

2

1  *International Tel. & Tel. Corp.,* 872 F.2d 1416, 1426-27 (9th Cir. 1989); *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 247 (E.D. Cal. 1992). In determining whether a cause of action is stated against a non-diverse defendant, courts look only to a plaintiff's pleadings. *Gardner v. UICI*, 508 F.3d 559, 561 n.3 (9th Cir. 2007).

In Nevada, the allegations of a complaint are sufficient to assert a claim for relief when the allegations "give fair notice of the nature and basis" for a claim. *Vacation Village, Inc. v. Hitachi Am., Ltd.*, 874 P.2d 744, 746 (Nev. 1994).

The court has reviewed the documents and pleadings on file in this matter and finds that the Amoratis have failed to sufficiently assert any claim for relief against non-diverse defendant Smith. The sole allegation against Smith in the entire complaint only identifies Smith as the trustee of the deed of trust and states that he is included as a defendant for the sole purpose of enforcing any non-monetary judgment. There are no separate causes of action alleged against him. Thus, based on the allegations in the complaint, the court finds that non-diverse defendant Smith is a fraudulently joined defendant whose citizenship does not defeat the exercise of diversity jurisdiction. Accordingly, the court finds that there is complete diversity between the parties and that the exercise of diversity jurisdiction is appropriate.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #12) is DENIED.

IT IS SO ORDERED.

DATED this 10th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3